FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 DEC 17 P 2: 38
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHARLES KEVIN GARMON,

    Plaintiff,

v.

JOHN PAUL; LARRY BREWTON;
and BRUCE CHATMAN;

    Defendants.

CIVIL ACTION NO.: CV613-059

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendants filed a Motion to Dismiss. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Garmon asserts that he experienced a sexual assault while incarcerated at Rutledge State Prison.[1] Garmon contends that he informed Defendants of the past sexual assault by Ashwood Tyrone and that he is currently "experiencing similar circumstances with an inmate named 'Jerome'." (Doc. No. 1, p. 6). Garmon asserts

---

[1] Garmon attaches a "Witness Statement" dated August 17, 2011, detailing the sexual assault. The form lists Georgia State Prison in the "place" section, but, in his Complaint, Plaintiff claims the statement describes events which occurred at Rutledge State Prison.

that he requested to be placed in protective custody on December 21, 2012, due to the ongoing sexual harassment and assault. Plaintiff alleges that Defendants ignored his requests for help, and as a result, he "cut [himself] several times" in order to be placed in suicide protection. (Id.). Plaintiff claims to have completed the grievance process and filed his Complaint after receiving denials at all levels.

Defendants assert that Plaintiff failed to exhaust his administrative remedies regarding the allegations he made in his Complaint. Defendants also assert that Plaintiff cannot pursue monetary damages claims against them in their official capacities. Defendants contend that Plaintiff fails to state a claim for failure to protect. Finally, Defendants contend that they are entitled to qualified immunity.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that Plaintiff filed Grievance Number 142335 on January 23, 2013, and alleged that he was denied protective custody and a transfer by the classification committee. Defendants also assert that this grievance was denied

2

because housing assignments, classification, and transfers are non-grievable issues. Defendants also contend that Plaintiff did not appeal this rejection.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court

makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

Standard Operating Procedure IIB05-0001, which became effective on December 10, 2012, no longer requires an inmate to attempt to informally resolve his complaint before filing a formal grievance. (Doc. No. 12-3, p. 5). An inmate can file, with a few exceptions, "a grievance about any condition, policy, procedure, or action or lack thereof that affects the [inmate] personally." (Id. at p. 6). An inmate must submit a grievance form "no later than 10 calendar days from the date the [inmate] knew, or should have known, of the facts giving rise to the grievance." (Id. at p. 8) (emphasis in original). The warden has a period of forty (40) calendar days from the date the inmate gave his grievance to the counselor to respond. An extension of ten (10) calendar days can be granted once, provided the inmate is advised in writing of the extension before the original 40 calendar days have expired. (Id. at p. 11). An inmate can file an appeal with the Commissioner's Office in the following instances: if the grievance coordinator rejects his original grievance; after the warden responds to the original grievance; or the time allowed for the warden's decision has expired. The inmate has seven (7) calendar days in which to file this appeal. (Id. at p. 12). The Commissioner has 100 calendar days after receipt to render a decision. (Id. at p. 13). Time limits may be waived for good cause. (Id. at pp. 9, 12).

Plaintiff filed Grievance Number 142335 on January 23, 2013, claiming that he was denied protective custody. Plaintiff asserted that he felt his life was in danger because he filed a complaint against another inmate for sexual harassment. Plaintiff also asserted that he was placed on the same side of the prison as this inmate and was threatened. This grievance was rejected because "[r]outine housing assignments, [c]lassification and transfer of offender between institutions are non-grievable issues." (Doc. No. 12-7, p. 2). However, the SOP provides that housing assignments are non-grievable "unless there is an alleged threat to the offender's health or safety." (Doc. No. 12-3, p. 6). While it appears this grievance was rejected on an incorrect basis, this grievance likely would have been rejected as untimely. Plaintiff complains about events occurring on December 21, 2012, and he did not file his grievance until January 23, 2013. Plaintiff's grievance could have been rejected as being untimely. (Doc. No. 12-3, p. 9). Regardless of the reason for rejection, however, an offender "may appeal the Warden's rejections decision to [the] Central Office." (Id.). The evidence before the Court reveals that Plaintiff did not file an appeal of the rejection of Grievance Number 142335 prior to the filing of his Complaint. (Doc. No. 12-5, p. 2). Plaintiff offers nothing to refute this evidence. Accordingly, Plaintiff did not exhaust his administrative remedies prior to the filing of his Complaint on May 23, 2013.

It is unnecessary to address the remaining grounds of Defendants' Motion.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, based on his failure to exhaust his administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 17th day of December, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)